**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

THE CINCINNATI INSURANCE COMPANY, )
                                        )

       **Plaintiff and** )
       **Counterclaim Defendant** )
                                         )    **No. 5:24-cv-05224-TLB**
                                         )

v. )

TNT CABLE CONTRACTORS, INC., )

       **Defendant and** )
       **Counterclaimant.** )

**AMENDED ANSWER TO COMPLAINT FOR**
**DECLARATORY JUDGMENT AND COUNTERCLAIM**

COMES NOW the Defendant, TNT Cable Contractors, Inc. ("TNT"), for its Amended Answer to the Complaint for Declaratory Judgment (the "Complaint") filed by the Plaintiff, The Cincinnati Insurance Company ("Cincinnati") and for its Counterclaim against Cincinnati, states and responds as follows:

1.     TNT admits Paragraph 1 of the Complaint.

2.     TNT admits Paragraph 2 of the Complaint.

3.     TNT admits Paragraph 3 of the Complaint.

4.     TNT admits Paragraph 4 of the Complaint.

5.     TNT admits Paragraph 5 of the Complaint.

6.     With respect to Paragraph 6 of the Complaint, TNT admits that Cincinnati issued the Policy referenced therein and attached to the Complaint as Exhibit 1, and that such Policy designates TNT as the named insured. TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

7.     TNT admits Paragraph 7 of the Complaint.

1

8. With respect to Paragraph 8 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

9. With respect to Paragraph 9 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

10. With respect to Paragraph 10 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

11. With respect to Paragraph 11 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

12. With respect to Paragraph 12 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

13. With respect to Paragraph 13 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to

the terms of said Policy. Pleading further, TNT denies that Paragraph 13 of the Complaint contains all of the referenced section of the Policy.

14. With respect to Paragraph 14 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

15. With respect to Paragraph 15 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy. Pleading further, TNT denies that Paragraph 15 of the Complaint contains all of the referenced section of the Policy

16. With respect to Paragraph 16 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

17. With respect to Paragraph 17 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

18. With respect to Paragraph 18 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself. Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

19.     With respect to Paragraph 19 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself.  Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

20.     With respect to Paragraph 20 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself.  Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

21.     With respect to Paragraph 21 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself.  Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy.

22.     With respect to Paragraph 22 of the Complaint, TNT admits that Cincinnati issued the Policy referenced in the Complaint and that the Policy speaks for itself.  Therefore, TNT denies any and all allegations contained in said paragraph that are inconsistent with or are in addition to the terms of said Policy. Pleading further, TNT denies that Paragraph 22 of the Complaint contains all of the referenced section of the Policy

23.     With respect to Paragraph 23 of the Complaint, TNT admits that it submitted a proof of loss for losses it incurred by reason of employee theft, and that such losses are covered under the Policy. The contents of TNT's proof of loss speak for themselves, and therefore TNT denies any and all allegations that are inconsistent with or are contrary to the terms of said proof of loss. TNT further admits that one of its former employees, Jeffrey Miles, engaged in theft of TNT's funds, and that such losses are covered under the terms of the Policy issued by Cincinnati.

24. With respect to Paragraph 24 of the Complaint, TNT admits that it submitted a proof of loss for losses it incurred by reason of employee theft, and that such losses are fully covered under the Policy. The contents of TNT's proof of loss speak for themselves, and therefore TNT denies any and all allegations that are inconsistent with or are contrary to the terms of said proof of loss. TNT further admits that one of its former employees, Jeffrey Miles, engaged in theft of TNT's funds, and that such losses are fully covered under the terms of the Policy issued by Cincinnati.

25. With respect to Paragraph 25 of the Complaint, TNT admits that it submitted a proof of loss for losses it incurred by reason of employee theft, and that such losses are fully covered under the Policy. The contents of TNT's proof of loss speak for themselves, and therefore TNT denies any and all allegations that are inconsistent with or are contrary to the terms of said proof of loss. TNT further admits that one of its former employees, Jeffrey Miles, engaged in theft of TNT's funds, and that such losses are fully covered under the terms of the Policy issued by Cincinnati.

26. With respect to Paragraph 26 of the Complaint, TNT admits that it submitted a proof of loss for losses it incurred by reason of employee theft, and that such losses are fully covered under the Policy. The contents of TNT's proof of loss speak for themselves, and therefore TNT denies any and all allegations that are inconsistent with or are contrary to the terms of said proof of loss. TNT further admits that one of its former employees, Jeffrey Miles, engaged in theft of TNT's funds, and that such losses are fully covered under the terms of the Policy issued by Cincinnati.

27. With respect to Paragraph 27 of the Complaint, Jeffrey Miles admitted that he engaged in theft of TNT's monies by admitting falsified documentation to TNT. TNT denies that

there is any legitimate basis for Cincinnati to contend that Mr. Miles did not engage in theft of TNT's funds.

28. With respect to Paragraph 28 of the Complaint, TNT denies that it was "aware of and approved" of Mr. Miles' theft or the theft committed by any other employees of TNT.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied.

36. With respect to Paragraph 36 of the Complaint, TNT denies that Cincinnati should have the opportunity to continue to adjust TNT's claim under the Policy. This claim has been pending for over two and a half years, and it is clear that Cincinnati intentionally delayed processing the claim to the detriment of TNT. Not until the filing of the Complaint did Cincinnati deny liability to TNT on its claim under the Policy.

37. With respect to Paragraph 37 of the Complaint, TNT denies that Cincinnati should have the opportunity to continue to adjust TNT's claim under the Policy. This claim has been pending for over two and a half years, and it is clear that Cincinnati intentionally delayed processing the claim to the detriment of TNT. Not until the filing of the Complaint did Cincinnati deny liability to TNT on its claim under the Policy.

38. With respect to Paragraph 38 of the Complaint, TNT denies that Cincinnati should have the opportunity to continue to adjust TNT's claim under the Policy. This claim has been

pending for over two and a half years, and it is clear that Cincinnati intentionally delayed processing the claim to the detriment of TNT. Not until the filing of the Complaint did Cincinnati deny liability to TNT on its claim under the Policy.

39. With respect to Paragraph 39 of the Complaint, TNT incorporates herein by reference its responses to Paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. Paragraph 40 of the Complaint is denied.

41. Paragraph 41 of the Complaint contains a statement of the relief sought herein by Cincinnati, and therefore no response is necessary. However, to the extent a response is necessary, TNT denies that Cincinnati is entitled to any such declaration.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

44. Paragraph 44 of the Complaint is denied.

45. Paragraph 45 of the Complaint is denied.

46. Unless specifically admitted herein, any and all allegations contained in the Complaint are denied. TNT further denies that Cincinnati is entitled to any relief herein, whether specifically sought in the Complaint or otherwise.

47. Pleading further, Cincinnati's Complaint fails to state a cause of action. The Complaint is nothing more than Cincinnati's denial of TNT's claim for payment under the Policy because Cincinnati does not believe that sufficient facts exist that demonstrate that thefts of TNT's funds occurred. Cincinnati does not seek a declaration as to whether coverage exists for such thefts. In sum, there is not a justiciable issue presented by the Complaint, and as a result, the Complaint should be dismissed.

48. TNT demands a trial by jury on all issues triable by jury.

49.     TNT pleads the affirmative defenses of estoppel, unclean hands, and waiver.  TNT reserves the right to assert affirmative defenses upon completion of discovery in this matter.

## COUNTERCLAIM

COMES NOW Defendant/Counterclaimant, TNT Cable Contractors, Inc. ("TNT"), and for its Counterclaim against Plaintiff/Counterclaim Defendant, The Cincinnati Insurance Company ("Cincinnati"), states and alleges as follows:

## STATEMENT OF MATERIAL FACTS

1.     TNT purchased an insurance policy from Cincinnati that was assigned Policy No. EMP0519008 (hereinafter referred to as the "Policy").  TNT was the designated insured under the Policy.  The Policy was issued for a policy period of January 1, 2019, to January 1, 2022 (the "Policy Period").  The Policy was negotiated, entered, executed, and delivered in Arkansas.  A copy of the Policy is attached as Exhibit 1 to Cincinnati's Complaint and is incorporated herein by reference.

2.     The Policy was purchased, among other reasons, to insure against losses by employee theft.  Specifically, the Policy included a Crime Coverage Part.

3.     During and possibly before the term of the Policy, two of TNT's key employees (collectively, the "Key Employees") submitted false and fraudulent expense and reimbursement requests for payment by TNT.

4.     TNT paid the requests as it had no reason to suspect that these requests were in any way fraudulent, false, or intended for any purpose other than a lawful reimbursement of funds expended by the Key Employees on behalf of TNT.

5. However, during the Policy Period, TNT discovered facts which caused it to suspect or assume that employee theft losses had occurred. TNT thereafter timely notified Cincinnati of the claims.

6. In addition, TNT engaged a third-party accountant to investigate the weekly reimbursement reports provided by the Key Employees to establish the existence and amount of any losses. The investigation found that the Key Employees submitted fraudulent reimbursement reports to TNT for, among other things, payments to entities that were fabricated by the Key Employees. The report on this investigation along with its supporting documentation was provided to Cincinnati as part of its review of this claim.

7. When confronted about this, one of the Key Employees conceded that he committed such theft, and as a result, he was immediately terminated by TNT. The other Key Employee admitted to participating in such theft. This information, along with a substantial amount of other information and documentation, was also provided by TNT to Cincinnati as part of Cincinnati's review of this claim.

8. Furthermore, TNT filed a police report on this theft. Cincinnati likewise has a copy of this report.

9. In total, the two Key Employees embezzled no less than $2.3 million from TNT.

10. These damages constitute covered losses under the Policy issued by Cincinnati.

11. The Policy's insuring agreements provide coverage for losses sustained from an occurrence taking place at any time which is discovered during the Policy Period. *See* Section I – Insuring Agreements.

12. The Policy's insuring agreement regarding employee theft in Section I(A) states that Cincinnati will pay for theft losses of *each* employee: "We will pay for loss or damage to

9

money, securities, and other property resulting directly from theft committed by ***an employee***, whether identified or not, acting alone or in collusion with other persons" (emphasis added). The Limit of Liability for each occurrence of Employee Theft is $1.5 million with no general aggregate or Shared Annual Aggregate Limit and with a $5,000 deductible per occurrence. *See* Crime Coverage Part Declarations.

13. As to employee theft losses, the Policy defines all acts "committed by ***an employee***"—*singular*—as a separate "occurrence." *See* Crime Coverage Part, Section II, Definitions, Subsection P.

14. The Policy additionally provides $25,000 in coverage for Claim Expense with no deductible (*see* Crime Coverage Part Declarations): "We will pay for **claim expenses** incurred by you to establish the existence and amount of any covered loss under any Insuring Agreement under this Coverage Part." Section I(I). Claim expense means "necessary and reasonable expenses incurred and paid by you to establish the existence and amount of any covered loss." Section II(B).

15. TNT incurred and paid over $25,000 in necessary and reasonable expenses to establish the existence and amount of the covered loss set forth herein.

16. TNT timely submitted a proof of loss claim to Cincinnati, and Cincinnati acknowledged receipt of the claim.

17. TNT has fully cooperated with Cincinnati in its review of this claim.

18. However, Cincinnati has failed and refused to pay the Policy's benefits to TNT in a reasonable time. Instead, Cincinnati unreasonably dragged out its alleged investigation of TNT's claims over several years, and without any prior warning to TNT, filed its Complaint for Declaratory Judgment in which it denied liability to TNT under the Policy. However, Cincinnati has not denied coverage under the Policy.

19. TNT has been damaged by Cincinnati's breach of the Policy's terms. Consequently, TNT is entitled to recover the losses covered by the Policy.

## COUNT I
### BREACH OF CONTRACT

20. TNT hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

21. TNT and Cincinnati entered into a valid and binding insurance contract, *i.e.*, the Policy.

22. Pursuant to the Policy, Cincinnati is obligated to pay TNT policy benefits for claims made for covered losses.

23. As set forth herein, TNT suffered losses from employee theft that are covered by the Policy. TNT also incurred Claim Expense which is covered by the Policy.

24. Despite objective evidence that TNT has suffered losses by employee theft and has incurred Claim Expense, Cincinnati has breached its contractual obligations under the Policy by failing to pay TNT the policy benefits for covered employee theft claims and Claim Expense.

25. As a result of Cincinnati's breach, TNT has suffered damages.

26. TNT's damages include the insured value against all employee theft losses plus all Claim Expense incurred.

27. Therefore, the Court should award TNT judgment in its favor and against Cincinnati in the amount of $1,520,000.00 (i.*e.*, the Limit of Liability for each occurrence of Employee Theft of $1.5 million, less the $5,000 deductible, plus the $25,000 in coverage for claim expenses).

28. In addition, the Court should assess against Cincinnati the statutory penalties set forth in Ark. Code Ann. § 23–79–208(a)(1) plus pre-judgment interest on the amount of the judgment entered against Cincinnati.

29. The Court should further award TNT's costs and attorneys' fees pursuant to Ark. Code Ann. § 23–79–208(a)(1) and (b).

30. TNT hereby demands a jury trial.

WHEREFORE, Defendant/Counterclaimant, TNT Cable Contractors, Inc., respectfully requests this Court deny and dismiss with prejudice the Complaint for Declaratory Judgment filed by the Plaintiff, The Cincinnati Insurance Company; enter Judgment in favor of Defendant/Counterclaimant and against Plaintiff/Counterclaim Defendant, The Cincinnati Insurance Company, for all damages requested herein as well as pre-judgment interest thereon, plus the statutory penalty under the Ark. Code Ann. § 23-79-208, together with its attorneys' fees costs, and such other and further relief as may be just and proper.

Respectfully Submitted,

**TNT CABLE CONTRACTORS, INC.,**
Defendant/Counterclaimant

By: Todd P. Lewis
Todd P. Lewis
Ark. Bar No. 96226
CONNER & WINTERS, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
Telephone: (479) 587-5405
Facsimile: (479) 587-1426
Email: tlewis@cwlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of December 2024, upon electronically filing the foregoing document, a copy of same was served on all counsel of record via the court's electronic filing system.

Todd P. Lewis
Todd P. Lewis